GEORGE A. SWASEY

*vs.*

MAINE CENTRAL RAILROAD COMPANY.

Piscataquis.     Opinion December 5, 1914.

*Custom.   Evidence.   Exceptions.   Material Evidence.   Negligence.*

1.   The entire weight of judicial authority is against the reception of evidence of a custom of other persons on the defendant railroad, as to going between moving cars for the purpose of replacing or putting coupling pins where necessary; also as to such acts done by the plaintiff himself before the accident.

2.   It was not material to the issue in this case whether or not some other individual had or had not been exposed to injury and escaped.   The attention of the jury would be thereby diverted from the questions really in dispute and directed to what is collateral.

On motion and exceptions by defendant.     Motion not considered. Exceptions sustained.     New trial granted.

This is an action on the case brought by plaintiff against the Maine Central Railroad Company to recover damages for personal injuries alleged to have been sustained by the plaintiff, by reason of the negligence of the defendant.     Plea, general issue.     The jury returned a verdict for plaintiff of $10,000.     The defendant filed exceptions to the admission and exclusion of certain evidence, and a general motion for a new trial.

The case is stated in the opinion.

*M. L. Durgin, and Ira G. Hersey,* for plaintiff.

*Fellows & Fellows,* for defendant.

SITTING:   SAVAGE, C. J., CORNISH, BIRD, HALEY, PHILBROOK, JJ.

PHILBROOK, J.   Action on the case to recover damages for injuries alleged to have been sustained by reason of the negligence of the defendant.   The case presents exceptions and motion for new trial by defendant.

At the trial, the presiding Justice, under objection of the defendant, permitted the plaintiff to introduce evidence of a custom of others on the defendant railroad as to going between moving cars for the purpose of replacing or pulling coupling pins when necessary, also as to such acts done by the plaintiff himself before the accident. An examination of the testimony shows that this was prejudicial error. It was not material to the issue in this case whether or not some other individual had or had not been exposed to injury and had escaped. "The entire weight of judicial authority is against the reception of the evidence received subject to objection. The attention of the jury would be diverted from the question really in dispute and directed to what is collateral." *Parker* v. *Portland Publishing Co.,* 69 Maine, 173, and cases there cited. This point being sufficient to support the defendant's exceptions, it becomes unnecessary to discuss other points in the bill of exceptions, or the motion for new trial.

*Exceptions sustained.*
*New trial granted.*